IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AKINTUNDE ADEYEMI, | ) |
| Petitioner, | ) |
| vs. | ) Civil Action No. 3:22-134 |
| | ) Judge Stephanie L. Haines |
| WARDEN M. UNDERWOOD, | ) Magistrate Judge Keith A. Pesto |
| Respondent. | ) |

## MEMORANDUM ORDER

Presently before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed pro se by Akintunde Adeyemi ("Petitioner") [Doc. 7]. Petitioner, a federal prisoner housed at FCI-Loretto, seeks an order directing the Bureau of Prisons to award him earned time credits under the First Step Act. Respondent has filed a response to the petition [Doc. 11], and Petitioner has filed a reply [Doc. 12]. This matter was referred to Magistrate Judge Keith A Pesto for proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

On February 28, 2023, Judge Pesto submitted a Report and Recommendation ("R&R") recommending that the petition be dismissed without prejudice for failure to exhaust administrative remedies [Doc. 14]. Petitioner was advised that he had fourteen days to file written objections to the R&R. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. He has not filed any objections, and the time to do so has expired.

Upon review of the record and the R&R under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Judge Pesto in this matter.

In general, an inmate who seeks habeas relief from actions by the Bureau of Prisons affecting the execution of a federal sentence, whether a disciplinary sanction, credit for prior custody decision, sentence computation, or length of placement in a residential reentry center, must first exhaust available administrative remedies, *see* 28 C.F.R. §§ 542.10-542.19, unless the matter involves only a question of law without the need for development of a factual record. *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir.2012), *citing Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir.1981).

Here, although Petitioner filed a request for an administrative remedy regarding his eligibility for earned time credits under the FSA, and appealed its denial to the BOP's Northeast Regional Office, he did not file an appeal to the BOP's Office of General Counsel, which is the final level of administrative review under the BOP's administrative remedy procedure. *See* 28 C.F.R. § 542.15. As Petitioner failed to exhaust his administrative remedies through every level of the available procedure, or to show that such administrative remedies are inadequate, dismissal of the petition for failure to exhaust is warranted. *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). Accordingly, Judge Pesto's recommendation that the petition be dismissed without prejudice is sound, and it will be adopted in whole.[1]

Accordingly, the following order is entered:

## ORDER

AND NOW, this 12th day of April, 2023, for the reasons set forth in Magistrate Judge Pesto's Report and Recommendation [Doc. 14], which is accepted in whole and adopted as the

---

[1] As Judge Pesto further mentions, Petitioner's § 2241 petition likely now is moot in any event, as the BOP since has changed its prior policy and no longer considers inmates ineligible for earned time credits solely because they have DHS detainers lodged against them. As a result, it appears that Petitioner already may have been granted the 210 days of earned time credit under the FSA that he seeks in his petition [Doc. 14 p. 2].

opinion of the Court as supplemented herein, IT IS ORDERED that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. 7], hereby is **dismissed without prejudice**. The Clerk of Court shall mark this matter closed.

                                                                                            _____
                                                                                            Stephanie L. Haines
                                                                                           United States District Judge